In re Estate of Mary Clary, Deceased.

Emma Clary McCoy et al., Appellants, v. Tim Clary et al.,
Appellees.

DEEDS: Subsequently Acquired Interest—Inurement. Where a deed
purports to convey a greater interest than the grantor was at the
time possessed of, any after-acquired interest of such grantor, to
the extent of that which the deed purports to convey, inures to the
benefit of the grantee. (Sec. 2915, Code, 1897.)

PRINCIPLE APPLIED: A mother executed a warranty deed,
but did not deliver it to grantee (her daughter), placing the same
in escrow, with direction to deliver to the daughter after the
mother's death. This deed reserved in the mother the possession,
rents and profits during the mother's lifetime. Some two weeks
later, the mother executed. *and delivered* to the daughter a war-
ranty deed to the same property. Nine months later, the daughter
executed *and delivered* to the mother a warranty deed to the same
property, *without reservation*. In this condition of the title, the
mother subsequently died. Thereupon, the first deed was taken out
of escrow and delivered to the daughter. *Held*, if it be assumed
that the daughter did take any right or title by the delivery of the
escrow deed, such right and title inured to the benefit of the
mother under the deed from the daughter to the mother.

*Appeal from Bremer District Court.*—M. F. Edwards, Judge.

Friday, December 17, 1915.

This is an appeal from an order of the district court,
directing a sale of certain real estate alleged to have been a
part of the estate of Mary Clary, deceased, to pay legacies.
The appellant, Emma Clary McCoy, who is a daughter of
said Mary Clary, deceased, claimed to be the owner of the
real estate in dispute, under a deed executed by Mary Clary
and placed in escrow until the death of said Mary, and at her
death delivered to said Emma Clary McCoy. But the McCoys,
during the lifetime of said Mary Clary, deeded the property
back to her. The trial court held that the property belonged

to the deceased and was a part of her estate, and ordered it sold to pay legacies. The McCoys appeal.—*Affirmed.*

*J. Y. Hazlett* and *Dawson & Wehrmacher,* for appellants.

*Sager & Sweet* and *M. M. Kingsley,* for appellees.

PRESTON, J.—The property in dispute is described as Lot 4, Block 21, Cretzmeyer's Addition to the city of Waverly, Iowa, and it is undisputed that at one time the title was in the deceased, Mary Clary, but deeds were executed by her and then back to her, which will be referred to later. Mary Clary died in April, 1909, testate. Her will was duly admitted to probate. In it, she bequeathed certain sums to her children. It also provided that, if there was not a sufficient amount of personal property to pay the legacies, the real estate of which she might die seized should be sold and the legacies paid, and the legacies were made a charge upon any real estate of which she might die seized. It is admitted that the other property was not sufficient to pay the legacies, and it is admitted that the will disposed of all the property. The executor, Tim Clary, made an application to sell the property in question, and the other heirs, except appellants, joined him in the application.

DEEDS: subsequently acquired interest: inurement.

There is but little, if any, dispute in the facts. The record shows that, on February 9, 1907, Mary Clary executed a warranty deed, whereby she conveyed the real estate in question to Emma Clary McCoy; that said deed was left in escrow with one Hazlett, to be delivered by him after the death of Mary Clary, and the same was delivered to said Emma after the death of the grantor, and was filed for record April 22, 1909; that this deed contained a clause whereby the grantor reserved unto herself the possession, use, rents and profits of the above described real estate during the term of her natural life. On February 26, 1907, Mary Clary executed and delivered a warranty deed to Emma Clary McCoy and her husband for the same real estate, and the same was

recorded May 8, 1907, and was so executed, delivered and recorded during the lifetime of Mary Clary. On November 25, 1907, Emma Clary McCoy and M. J. McCoy, her husband, executed and delivered a warranty deed to Mary Clary, without reservations, of the above described premises, which was duly filed on November 29, 1907, and in the lifetime of said Mary Clary. There is some confusion in the abstract and additional abstract in regard to the contents of some of these deeds; but, as we understand the record, they are as we have stated. If there is any difference between the abstracts and the statement we have made of them, it is not material.

The transactions in connection with the aforesaid three deeds were between the same parties, to wit, Mary Clary, Emma Clary McCoy and M. J. McCoy. It appears, then, that the record title, at least, to the property in question was in Mary Clary, at the time of her decease, by reason of the deed executed November 25, 1907, which had been duly delivered and recorded, as before stated.

Some of the errors relate to the action of the trial court in rulings on evidence. The evidence was admitted, but the court, in ruling, stated that, in his opinion, it was admissible for certain purposes only. The trial was to the court, without a jury, and it is doubtful whether, under this record, any question is presented for review. But in any event, we think that, under the record, this would not change the result.

It is conceded by both sides that the real question in the case is as to who has the title to the land in question on the state of facts stated, and whether the recording of the escrow deed after the death of Mary Clary operates to destroy the effect of a warranty deed executed at a later date from Mary Clary to appellants, and a warranty deed of a still later date from appellants to Mary Clary, the deed from appellants to testatrix being the last instrument executed by the parties. No cases are cited by appellants which are directly in point under such a state of facts as here set out. They cite cases to the general proposition that a deed may be deposited with

a third party, to be delivered to the grantee after the death of the grantor, and the presumptions in reference thereto. These cases state the rule, where there is no deed back by the grantees in the escrow deed to the original grantor during the lifetime of such original grantor, and before the delivery to the grantee of the escrow deed.

As stated, counsel for appellants cite authorities on the abstract proposition that a deed may be deposited to be delivered and take effect after the death of the grantor, but why or how this question is material in the face of the later deeds is not discussed by them. And no reason is given why Emma Clary McCoy and her husband could not validly deed the property back to her mother, as she did on November 25, 1907. Taking their own view of it, any interest that Emma McCoy might have had in the land would have inured to her grantee, by virtue of the warranty deed of November 25, 1907, under the provisions of Section 2915, Code, 1897. This was the holding of the trial court, and we think correctly so.

The trial court, therefore, properly ordered the property sold, as a part of the estate of Mary Clary, and its judgment is, therefore,—*Affirmed.*

DEEMER, C. J., WEAVER and EVANS, JJ., concur.